(No. 4654—

PHILIP COOPERMAN, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 24, 1955.*

ROBERT F. LISCO, Attorney for Claimant.

LATHAM CASTLE, Attorney General; MARION G. TIERNAN, Assistant Attorney General, for Respondent.

FEARER, J.

Claimant filed his complaint on November 6, 1954 alleging that he sustained personal injuries while walking across Roosevelt Road from the north to the south at the west crosswalk of Pulaski Road in Chicago, Cook County, Illinois, the date of the accident being April 6, 1954. In his complaint claimant further alleges that he stumbled and fell while cossing certain tracks (which we presume are owned by the Chicago Traction Company, although not alleged in the complaint) located on Roosevelt Road at the crosswalk of Pulaski Road. He charges respondent with failure to keep said street crossing in a proper state of repair.

In paragraph 4, sub-paragraphs b, c and d, it is alleged that respondent negligently and improperly maintained, operated and controlled the said street at the location aforesaid by allowing and permitting the said street pavement at the location aforesaid to drop away from the street car tracks, so that the street car tracks were raised above the level of the pavement, which caused persons walking upon and across the said tracks to stumble and fall.

A motion was filed by respondent to strike and dismiss claimant's complaint for the reason that it appears upon the face of the complaint, setting forth paragraph 4 (sub-paragraphs b and d), that the alleged injuries occurred while crossing certain street car tracks, which

were raised above the level of the pavement, and that on the date of the alleged accident, namely April 6, 1954, respondent neither owned, controlled, or had any interest in said street car tracks, as indicated by exhibit A, which was attached to the motion, and made a part thereof by reference. It showed that a right-of-way existed, which was owned by the C. T. A. It was 9 feet, 5¾ inches wide, and was the right-of-way upon which the street car tracks were located. The exhibit is a true and correct drawing of the physical condition of State Bond Issue Route No. 6, commonly known as Roosevelt Road, at the intersection of Pulaski Road, on the date of the accident, and was duly certified to by J. P. Tuthill, District Engineer, Division of Highways of the State of Illinois. The drawing also indicates that Roosevelt Road at said place and on the date of the accident was 48 feet wide at the intersection with Pulaski Road, with the state right-of-way extending 14 feet and 11 inches on both north and south sides of Roosevelt Road, and with the C. T. A. right-of-way being 9 feet, 5¾ inches from the state right-of-way to the center line of the road, both north and south of the center line, while the C. T. A. right-of-way encompasses the track area in question.

It is apparent from the face of the complaint that there is no duty on the agents of the State of Illinois to maintain said right-of-way, which apparently is owned by the C. T. A., and that, if a cause of action did exist, it would be against the Traction Company, who owned said right-of-way. Therefore, this Court does not have jurisdiction to hear the case.

It is, therefore, ordered, adjudged and decreed that the motion filed herein to strike and dismiss the complaint be, and the same is hereby allowed.